MATTER OF YIU

In Visa Petition Proceedings

A–19182846

*Decided by Board November 19, 1970*

Beneficiary, who was born in Hong Kong in 1940 (the daughter of a female
servant who resided in petitioner's household), and whose care and cus-
tody were vested in petitioner in Hong Kong upon the death of benefici-
ary's mother in 1949, was not validly adopted by petitioner since the gov-
erning Chinese law and custom permits adoption only for purposes of
family succession and is limited to males; further, adoption of strangers
is allowed only when a person has exhausted all his kindred, and even
then the adopted child must be of the same surname.

ON BEHALF OF PETITIONER: Arlin W. Hargreaves, Esquire
Fallon, Hargreaves & Bixby
30 Hotaling Place
San Francisco, California 94111

Petitioner appeals from a decision of the District Director de-
nying this petition filed to accord the beneficiary status as the
adopted daughter of a United States citizen. For reasons to be
mentioned herein, we order this appeal dismissed.

Petitioner, a native of Hong Kong, claims that in 1949 she
adopted the beneficiary, who was born in Hong Kong on February
15, 1940. The beneficiary was the daughter of a female servant
who resided in petitioner's household and when the servant died
in 1949, petitioner commenced carrying for the child. The record
discloses that, following her mother's decease in 1949, the benefi-
ciary, under section 31(2) of the Hong Kong Protection of
Women and Girls Ordinance, became a ward of the Secretary for
Chinese Affairs. Care and custody of the beneficiary were vested
in the petitioner.

In denying the visa petition, the District Director concluded
that this was not a valid adoption under Article 1079 of the
Chinese Civil Code inasmuch as the adoption was not in writing.
He further stated that "Chinese customary law and Article 1079
of the Chinese Civil Code require that an adopted person assume

the surname of the adopter. None of these conditions have been met."

Petitioner argues on appeal that Article 1079 of the Chinese Civil Code does not govern here since it is not the personal law of Chinese domiciled in Hong Kong. She has presnted a memorandum on Chinese law and custom written by a barrister, Anthony Dicks, dated February 14, 1967 concerning the adoption of one Cyril Noel Bagalawis in Hong Kong. Therein the writer states that Chinese law and custom prevail in Hong Kong to Chinese domiciled there. We agree. The Chinese Civil Code which was in force on the Chinese mainland from 1930 to 1950 cannot be considered the personal law of the petitioner or of the beneficiary, for they were not born in China and were not domiciled in China. Therefore, Chinese customary law as it applies in Hong Kong governs here, *Matter of Wong*, Interim Decision No. 1982 (BIA, 1969).[1]

In that connection we note that under Chinese customary law the adoption of the beneficiary, a female, would be impossible. Chinese customary law permits adoption only for purposes of succession to the family and is limited to males.[2] Additionally, the adoption of strangers is prohibited and allowed only when a person has exhausted all his kindred. However, the adopted chld must be of the same surname.[3] Since the beneficiary is a female and a stranger to petitioner's household, it is clear that she cannot be considered to be validly adopted under Chinese law and custom.

**ORDER** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] Another reason, indicated in the record, for the application of Chinese custom law to adoptions effected in Hong Kong stems from the fact that, in 1949, no statute governing adoptions had been enacted by the Hong Kong authorities. See *Report of the Governor's Committee on Chinese Law and Custom in Hong Kong*, p. 49 (Hong Kong 1948).

[2] *Id.* at p. 200.

[3] *Report of the Governor's Committee on Chinese Law and Custom in Hong Kong* (Extract from Report on Child Adoption and Domestic Service Among Chinese), p. 194 (Hong Kong 1948). See also Jamison, *Chinese Family and Commercial Law*, pp. 17–31 (China 1921).