MATTER OF POON

In Visa Petition Proceedings

A–19196076

*Decided by Board June 12, 1972*

The holding in *Matter of Ng*, Interim Decision No. 2147, is extended to recognize as valid for immigration purposes the adoption under Chinese law and custom in Hong Kong in 1953 of a male child, even though not related by blood, not of the same clan, and not of the same surname. [*Matter of Chin*, 12 I. & N. Dec. 240, reaffirmed.]

ON BEHALF OF PETITIONER:
Joseph S. Hertogs, Esquire
580 Washington Street
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The United States citizen petitioner applied for preference status for the beneficiary as her adopted brother under section 203(a)(5) of the Immigration and Nationality Act. The District Director denied the petition on January 15, 1970. The petitioner appeals from that denial. The matter will be remanded for further proceedings.

The beneficiary is a male alien of Chinese ancestry who was born in Hong Kong in 1949. The file contains a written agreement of adoption dated October 30, 1953 according to which Cheung Yee Muey "of the Poon family," apparently the petitioner's mother, adopted the beneficiary. The petitioner's father allegedly died in 1945.

The District Director based his denial upon his conclusion that (1) the applicable law of adoption was the Ching Code, and (2) the Ching Code requires that "a male adopted child be related by blood to the adopter or at least come from the same clan or have the same surname." He cited the absence of any written evidence that these requirements had been met and denied the application.

It is settled that the law of adoption applicable to Chinese domiciled in Hong Kong, in addition to recent enactments by the Hong Kong authorities, has been Chinese law and custom, *Matter*

*of Yue*, 12 I. & N. Dec. 747 (BIA, 1968). In our recent precedent decision in *Matter of Ng*, Interim Decision No. 2147 (BIA, April 28, 1972), we endorsed a definition of the term "Chinese law and custom" which defined it as "the rules of law which were generally in force in the Chinese Empire on 5th April 1843 together with and subject to such rules of custom as were at that date and/or have thereafter been applied in China or any part thereof or in Hong Kong with the force of law." As we noted in the *Ng* case, the courts of Hong Kong have defined Chinese law and custom "as partly evidenced by, but not necessarily as wholly defined by or confined to [the Ching Code]." See *Matter of Chin*, 12 I. & N. Dec. 240 (BIA, 1967).

The District Director's decision anticipated our subsequent precedent decision in *Matter of Yiu*, 13 I. & N. Dec. 624 (BIA, 1970). In that decision, which was actually concerned with the validity of the adoption of a female in Hong Kong under Chinese law and custom, we noted that (1) "Chinese customary law permits adoption only for purposes of succession to the family [cult] and is limited to males," (2) "the adoption of strangers is prohibited and allowed only when a person has exhausted all his kindred," and (3) "the adopted child must be of the same surname."

As we stated in *Matter of Chin*, *supra*, the Ching Code provided for two kinds of adoption (1) adoption of a male child for the purpose of instituting him as an heir for perpetuation of the ancestral cult, and (2) adoption of a child, whether male or female, without intending to institute it as an heir. In the *Chin* case we noted that the Ching Code provided a number of restrictions with respect to the first type of adoption, namely, that the child must be male and must come from the same kindred, but that these restrictions did not apply to the second type of adoption.

Subsequent to the District Director's decision in the present case, we had occasion to reconsider the principles enunciated in the *Yiu* decision. As a result, in *Matter of Ng*, *supra*, we receded from our holding in the *Yiu* case and recognized the adoption of a female in Hong Kong under the Ching Code and Chinese custom as a valid adoption of the second type.

The issue in the present case is whether we should apply the same reasoning used in *Matter of Ng*, *supra*, to the adoption in Hong Kong of a male child, even though not related by blood, not of the same clan, and not of the same surname. We believe the question should be answered in the affirmative and we accordingly extend our ruling in the *Ng* case to cover the present case. We also reaffirm our earlier holding in *Matter of Chin*, *supra*, which recognized the possibility of the simple adoption of a male of a different family under the Ching Code.

In the present case the District Director never reached the factual issue of the validity of the adoption. In the absence of any findings in that regard we have no choice but to remand the matter to the District Director for further proceedings. The following order will be entered.

**ORDER:** The case is remanded for further proceedings consistent with the foregoing.