MATTER OF CHIN

In Visa Petition Proceedings

A-19425410

*Decided by Board May 25, 1972*

As many Chinese adoption cases are not grounded upon a formal adoption decree, the validity of such claimed adoptions must be determined by a careful weighing of the evidentiary material. Certified copies of affidavits, photographs, evidence of support, letters, and other documents presented bearing on validity should be made a part of the record. Photographs should be positively identified and verified under oath. Affidavits submitted should state (1) the nature of the affiant's relationship, if any, to the parties; (2) the basis of affiant's knowledge; and (3) contain a statement of the facts affiant knows regarding the adoption, rather than mere conclusory statements as to the existence of an adoption. Information in an affidavit should not be disregarded simply because it appears to be hearsay; in administrative proceedings that fact merely affects the weight to be afforded it. In addition, there is an exception to the hearsay rule relative to statements as to pedigree and family history made by relatives or members of the same community. Affidavits executed by counsel would have little, if any, probative value.

ON BEHALF OF PETITIONER:
 Benjamin Gim, Esquire
 217 Park Row
 New York, New York 10038
 (Brief filed)

ON BEHALF OF SERVICE:
 R. A. Vielhaber
 David L. Milhollan
 Appellate Trial Attorneys
 (Brief filed)

The United States citizen petitioner applied for preference status for the beneficiary as his adopted married son under section 203(a)(4) of the Immigration and Nationality Act. The District Director, evidently finding that an adoption had been established, approved the petition on October 14, 1970. However, his initial approval was revoked on June 21, 1971 on the basis of this Board's decision in *Matter of Yiu*, 13 I. & N. Dec. 624 (BIA, 1970). The petitioner appeals from the revocation. The appeal will be sustained, but the case will be remanded.

The beneficiary is a married male who was born in China on January 9, 1928. He was purportedly adopted on March 15, 1931. Counsel urges that the validity of the adoption be gauged by the

provisions of the Civil Code of the Republic of China. We do not accept this point of view, inasmuch as the provisions of the Civil Code dealing with adoption were not put into effect until May 5, 1931. The validity of the adoption in the present case, therefore, must be determined with reference to the adoption law in effect prior to the Civil Code of Nationalist China. The relevant provisions were found in the Ching Code, which was the subject of our decision in *Matter of Yiu, supra.*

At the time he made his decision to revoke, the District Director was not incorrect in citing the *Yiu* case as authority. However, since we rendered our decision in the *Yiu* case, we have had occasion to reconsider the principles enunciated therein. As a result, in *Matter of Ng*, Interim Decision No. 2147 (BIA, April 28, 1972), we receded from our ruling in *Yiu.* That case, therefore, no longer serves as a bar to the approval of the present petition.

In *Matter of Kwok*, Interim Decision No. 2145 (BIA, April 25, 1972), we rejected the Service's argument that Chinese adoptions even though valid under the law of the place where the adoption status was created nevertheless do not constitute "adoptions" for immigration purposes if not created as a result of a "juridical act." Shortly thereafter we receded from two precedent decisions that had served as legal obstacles to the acceptance of many Chinese adoptions. In *Matter of Ng, supra*, we receded from our decision in *Matter of Yiu, supra*, and returned to our earlier position as expressed in *Matter of Yue*, 12 I. & N. Dec. 747 (BIA, 1968). In the *Yue* case we had recognized the validity of both (1) the adoption of females and (2) the adoption of males even though not related by birth, not of the same clan and not with the same surname. In *Matter of Yee*, Interim Decision No. 2146 (BIA, April 28, 1972), we receded from our earlier decision in a case involving a Chinese with the same family name, *Matter of Yee*, 13 I. & N. Dec. 620 (BIA, 1970). The first *Yee* case had ruled out the possibility of recognizing an adoption occurring in the People's Republic of China as valid for immigration purposes.

Even though the legal impediments to the recognition of Chinese adoptions have been removed, each petition based upon an adoptive relationship still must be considered from a factual point of view. In visa petition proceedings the burden of proof to establish eligibility for the benefit sought under the immigration laws rests with the petitioner, *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA, 1966). An application for preference classification must be accompanied by evidence of the family relationship, 8 CFR 204.2(c)(1).

In any case where an adoption is claimed to have taken place it goes without saying that the identity of the parties must be

established. The adoption paper which has been submitted refers to the adoptive father as Mr. Chin Leung Suey of Ou Bing Village, Konghoi. The petitioner's name is not Chin Leung Suey, but Kee Yick Chin. An affidavit of the petitioner's wife executed on July 10, 1970, indicates that, at the time of the claimed adoption of the beneficiary, the petitioner did not reside in China at all, but was residing permanently in the United States. The name of the petitioner's wife, who, in her affidavit of July 10, 1970, stated that she had adopted the beneficiary with the consent of the petitioner, likewise is not mentioned in the adoption paper. The case will have to be remanded in order to enable the District Director to verify that the petitioner and the adoptive father are indeed the same person.

Inasmuch as many Chinese adoption cases are not grounded upon a formal decree of adoption, it is necessary to determine the validity of the claimed adption by means of a careful weighing of the evidentiary material submitted. Certified copies of affidavits, photographs, evidence of support, letters and other documents bearing upon the issue of the validity of the adoption exhibited by the petitioner should be made part of the record. Affidavits submitted should (1) state the nature of the affiant's relationship, if any, to the parties, (2) set forth the basis of the affiant's knowledge, and (3) contain a statement of the facts the affiant knows regarding the adoption, rather than mere conclusory statements as to the existence of an adoption. Information contained in an affidavit should not be disregarded simply because it appears to be hearsay. In administrative proceedings that fact merely affects the weight to be afforded such evidence. In addition, there is an exception to the hearsay rule on behalf of statements as to pedigree and family history made by (1) relatives or (2) members of the same community. Along the same line, affidavits executed by counsel would have little, if any, probative value. Photographs should be positively identified and verified under oath.

The affidavits and photographs contained in the file before us appear to be unobjectionable. We shall remand this matter to the District Director, however, so that petitioner will be afforded an opportunity to explain the discrepancies noted above and to establish that there was, in fact, a valid adoption of the beneficiary, and so that a new order can then be entered by the District Director.

ORDER: The case is remanded to the District Director for further proceedings consistent with the foregoing decision.