MATTER OF RODRIGUEZ

In Visa Petition Proceedings

A–20034976

*Decided by Board April 13, 1973*

The validity of the adoption of a child under Chinese customary law in Hong Kong in 1967 is not vitiated by the fact the child was adopted by an unmarried woman.

ON BEHALF OF PETITIONER:
Pro se

ON BEHALF OF SERVICE:
Robert A. Vielhaber
Appellate Trial Attorney
(Brief filed)

The United States citizen petitioner applied for immediate relative status for the beneficiary as his stepson (an adopted child of his wife) under section 201(b) of the Immigration and Nationality Act. The District Director, in an order dated November 4, 1971, approved the petition but certified his decision to this Board. His decision will be affirmed.

The beneficiary is an unmarried male, who was born in Hong Kong on May 17, 1967. He is evidently of the Chinese race. He was adopted, under Chinese customary law, by an unmarried woman, Wong Man Lin, on May 18, 1967. On November 20, 1967 the petitioner and Wong Man Lin were married under the Hong Kong Marriage Ordinance. They had lived together without being married for the previous two years. The petitioner and Wong Man Lin came to the United States in August of 1969. The beneficiary continued to reside in Hong Kong.

The status of an immediate relative is limited to a spouse, parent, or child of a United States citizen by section 201(b) of the Act. The term "child" is defined in section 101(b)(1)(B) to include a stepchild, whether or not born out of wedlock, provided the child had not reached the age of 18 years at the time the marriage creating the status of stepchild occurred. Inasmuch as the marriage between the petitioner and Wong Man Lin took place when the beneficiary was six months old, this requirement has been satisfied, provided that the beneficiary qualifies as a "child" of Wong Man Lin.

335

Section 101(b)(1)(E) states that the term "child" as used under the immigration laws includes a child adopted while under the age of 14 years, if he has thereafter been in the legal custody of and resided with the adopting parent or parents for two years. As the Attorney General held in *Matter of M—*, 8 I. & N. Dec. 118 (A.G., 1959), the two-year residence requirement does not exclude computation of residence occurring prior to the adoption. Residence and custody with but one adopting parent is sufficient (*Matter of Y— K—W—*, 9 I. & N. Dec. 176 (A.G., 1961)). In the present case, the residence and custody requirements have, therefore, been met.

The question remains as to whether there was a valid adoption at all. We have recently ruled, in *Matter of Poon*, Interim Decision No. 2153 (BIA, 1972), that an adoption in Hong Kong under Chinese law and custom of a male child, even though the child is not related by blood, not of the same clan, and not of the same surname, is valid for immigration purposes.

The objection posed by the Service is that adoption by an unmarried female is not valid under Chinese customary law. We find this position to be incorrect. The file contains a Memorandum of Law from the Library of Congress dated October 4, 1971, which is addressed, in part, to this question. According to the Memorandum of Law, "there is evidence to show that this was the practice in China in some of those cases where the adoption was not carried out with the motive of instituting an heir to carry on the cult of the ancestors." The report also cites a noted authority on Chinese law, M. H. van der Valk, for the proposition that "as this type of adoption had no connection with the cult of the ancestors it displayed different features. Both men and women could adopt. . . ." The District Director pointed out that the courts of Hong Kong have accepted the principle that a married woman was capable, acting alone, of adopting a child, *In Re T.M.H. (An Infant)*, 1962 H.K.L.R. 184.

There is nothing to indicate that in Hong Kong an adoption by an unmarried person under Chinese customary law is not recognized as valid. See sections 4 and 11 of the Hong Kong Adoption Ordinance of October 12, 1956. We conclude, therefore, that a child can be adopted by an unmarried woman under Chinese customary law as applied to Hong Kong.

The adoption of the beneficiary by Wong Man Lin, then, was a valid adoption for immigration purposes. Her subsequent marriage to the petitioner established the stepparent-stepchild connection between the petitioner and the beneficiary required under section 101(b)(1)(B). We find the beneficiary, therefore, qualifies as an immediate relative, as the petitioner's child, for purposes of section 201(b) of the Act.

Consequently, the District Director was correct in approving the petitioner's application. We shall affirm his decision and the following order will be entered.

**ORDER:** The District Director's decision is affirmed.