MATTER OF A——

In VISA PETITION Proceedings

VP 9-I-37037

*Decided by Board January 12, 1959*

**Nonquota status—Adopted child of alien parent may qualify as "stepchild" upon parent's marriage to United States citizen.**

Foreign adoption which meets requirements of section 101(b)(1)(E) of act results in adopted child's acquiring nonquota status as "stepchild" under section 101(b)(1)(B) of act upon 1958 marriage of adoptive mother (previously single) to United States citizen husband.

### BEFORE THE BOARD

**Discussion:** This case comes forward pursuant to certification.

The petitioner, a native-born citizen of the United States, seeks nonquota status on behalf of the beneficiary as his stepchild. The beneficiary was born in Japan on November 3, 1949, and was adopted by the petitioner's Japanese wife, while single, under the laws of Japan on April 20, 1953. Since the date of adoption the child has been in the legal custody of and has been residing with her adoptive mother. The adoptive mother married the citizen petitioner on March 22, 1958.

Under section 101(a)(27)(A) of the Immigration and Nationality Act a child of a United States citizen is eligible for nonquota immigrant status. The term "child" is defined in section 101(b)(1)(B) to include an unmarried person under 21 years of age who is a stepchild, provided the child had not reached the age of 18 years at the time the marriage creating the status of stepchild occurred. This section was expanded by the amendment of September 11, 1957 (Public Law 85-316) to include a child adopted while under the age of 14 years if the child had thereafter been in the legal custody of, and had resided with, the adopting parent or parents for at least two years. The use of the term "adopting parent or parents" in the alternative indicates that a single person, as well as a married couple, might adopt a child under this section. The adoption complies with the other provisions of section 101(b)(1)(E) and also appears to constitute a legal adoption in conformity with the laws of Japan.

242

Prior to the enactment of the amendatory legislation of September 11, 1957, there was no provision for an adopted child in the definition of "child" in section 101(b). The new legislation indicates a desire to liberalize the definition of a child to include not only an adopted child but also an illegitimate child in relationship to its natural mother, a status which was not available under the original legislation. The general effect of modern statutory adoption is said to create a status between the adoptive parent and the adopted child which is identical with that existing between a natural parent and his child. 2 *Corpus Juris Secundum*, § 55. The amendment equated the status of a properly adopted child to that of a "child" as defined in section 101(b). For immigration purposes, such an adopted child satisfies the definition of child in relation to its adopting parent. Upon the marriage of such adoptive parent to a United States citizen while such child was under the age of 18 years, the adopted child became a stepchild and eligible for nonquota status.

**Order:** It is ordered that the decision of the district director approving the petition for a nonquota status on behalf of the beneficiary be and the same is hereby approved.