MATTER OF POLIDORO

In Visa Petition Proceedings.

A-13858069

*Decided by Board August 11, 1967*

Since petitioner, a naturalized U.S. citizen, was 35 years of age at the time of her adoption in 1960, she has not been adopted in accordance with the provisions of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, and consequently, is ineligible to confer immediate relative status on her adoptive father, the beneficiary.

ON BEHALF OF PETITIONER:
Quirinus A. Ricciardelli, Esq. ,
26 Journal Square
Jersey City, N.J. 07306
(Oral argument)

ON BEHALF OF SERVICE:
Irving A. Appleman
Apellate Trial Attorney
(Oral argument)

The case comes forward on appeal from the order of the District Director, New York District, dated April 20, 1967, denying the visa petition for the reason that since the adoption of the petitioner did not take place until May 20, 1960 at which time the petitioner was 35 years of age, the petitioner had not been adopted in accordance with the provisions of section 101(b)(1)(E) of the Immigration and Nationality Act, and the beneficiary is not eligible for any benefits under the Act.

The petitioner, a native of Italy, a naturalized citizen of the United States, 41 years old, female, seeks immediate relative status on behalf of the beneficiary as her adoptive father. The beneficiary is a native and citizen of Italy, 66 years old.

In support of the visa petition there has been submitted a decree of the Court of Appeals of Rome, Italy establishing that the beneficiary and his wife, Anna, adopted the petitioner on May 20, 1960.

The citizen petitioner is seeking to bring in the beneficiary as her adoptive father. Section 101(b)(2) defines the term "father" to mean a father only where the relationship exists by reason of any of the circumstances set forth in section 101(b)(1). Subparagraph (E) of section 101(b)(1) defines the term "child" to include a child adopted

353

while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

In the instant case the adoption took place on May 20, 1960. The adopted person, the petitioner, was at that time 35 years old. It is concluded that the adoption is invalid for immigration purposes and that the petitioner is not eligible to seek immediate relative status on behalf of the beneficiary as her adoptive parent.

The argument of counsel has been noted. The issue in visa petition proceedings is not one of discretion but of eligibility. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.