## MATTER OF BUTTERLY

### In Visa Petition Proceedings

### A-19350307

*Decided by Board November 1, 1973*

In order to qualify for preference classification under section 203(a)(5) of the Immigration and Nationality Act, as amended, as an adopted brother, the adoption must have been in accordance with the requirements of section 101(b)(1)(E) of the Act, as amended. Hence, in the instant case, beneficiary, whose adoption by petitioner's mother occurred when he was 18 years of age, is ineligible for fifth preference status as the adopted brother of the petitioner.

The United States citizen petitioner applied for preference status for the beneficiary as her adopted brother under section 203(a)(5) of the Immigration and Nationality Act. The District Director denied the petition on the ground that the beneficiary did not qualify as the petitioner's brother for immigration purposes because he had not been adopted in conformity with section 101(b) (1)(E) of the Act. The petitioner has appealed from that denial. The appeal will be dismissed.

The beneficiary, a native and citizen of Ireland, is presently 29 years of age. The file contains a certificate indicating the beneficiary was adopted by the petitioner's mother in 1962 when he was 18 years of age.

The term "brother" is not defined in the Act. However, the term "child" is defined in section 101(b)(l)(E) to include:

a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

The issue in this case is whether, in order to qualify as an adopted brother of the petitioner under section 203(a)(5) of the Act, the beneficiary must have been adopted in accordance with the age and other requirements of section 101(b)(1)(E). That is, for purposes of fifth preference, where one of the siblings is adopted, must the adopted brother or sister have qualified at some point in time as an adopted "child" under the Immigration and Nationality Act.

In one case, *Matter of Fong*, 10 I. & N. Dec. 497 (BIA 1964), we approved a visa petition filed on behalf of an adopted brother of

the petitioner, where the beneficiary had been adopted while only several months old. Our decision merely reflected the enactment of section 101(b)(1)(E), which expanded the definition of "child" under the immigration laws to include an adopted child. We overruled an earlier decision, *Matter of M—*, 6 I. & N. Dec. 180, which held that brothers and sisters through adoption did not qualify as "brothers" and "sisters" under the Act. Although the beneficiary in the *Fong* case was adopted in accordance with the requirements set forth in section 101(b)(1)(E), we did not expressly state that an adoption in compliance with that section was a *sine qua non* for recognition of the adoptive relationship. Our decision in the present case amplifies our holding in the *Fong* case by articulating precisely such a requirement.

In other situations involving adopted persons we held that an adoptive relationship relied upon for immigration purposes must have been initially entered into in accordance with section 101(b)(1)(E). For instance, in *Matter of Polidoro*, 12 I. & N. Dec. 353 (BIA 1967), we were faced with a case involving a petitioner who had been adopted when 35 years of age, and who later filed a visa petition on behalf of her adoptive father. We ruled that the adoptive relationship in that case was insufficient to support the issuance of a preference immigrant visa because the petitioner had not been adopted in accordance with the age requirement of section 101(b)(1)(E).

We have also dealt with the issue of adoption for immigration purposes in relation to applications for preference status as a "son" or "daughter" of a United States citizen or of a permanent resident alien. The terms "son" and "daughter" are also undefined in the Act. We ruled that for an adopted person to qualify as a "son" or "daughter" he or she must have been adopted in accordance with section 101(b)(1)(E). *Matter of Caramanzana*, 12 I. & N. Dec. 47 (BIA 1967); *Matter of Yue*, 12 I. & N. Dec. 747 (BIA 1968); *Matter of Ng*, Interim Decision No. 2147 (BIA 1972).

We hold that, in order to qualify as an adopted brother for immigration purposes, an individual must have been adopted in accordance with the age and other requirements of section 101(b)(1)(E). Therefore, we conclude that the District Director's denial of the petition was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.