## MATTER OF GERONIMO

### In Visa Petition Proceedings

### A-20453877

### *Decided by Board December 1, 1975*

An adopted child who has not been adopted in accordance with the requirements of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, cannot be classified as a "stepchild" under section 101(b)(1)(B) of the Act, as amended, even if the adoptive parent marries a United States citizen before the child reaches the age of 18. Hence, since the beneficiary in the instant case was adopted in the Philippines by the United States citizen petitioner's wife less than two years ago, the legal custody requirement of section 101(b)(1)(E) of the Act has not been fulfilled. Consequently, beneficiary cannot be classified as petitioner's "stepchild" under section 101(b)(1)(B) of the Act and is ineligible for immediate relative status under section 201(b) of the Act.

ON BEHALF CF PETITIONER: Pro se

The United States citizen petitioner applied for immediate relative status for the beneficiary as his stepchild under section 201(b) of the Immigration and Nationality Act. That petition was initially approved. However, in a decision dated September 9, 1975, after proper notice to the petitioner, the district director revoked approval of the petition. The petitioner has appealed from that decision. The appeal will be dismissed.

. The beneficiary is a native and a citizen of the Philippines who was born on July 4, 1962. Although no adoption decree is contained in the file, it appears from the consular report in the record that the beneficiary was legally adopted by the petitioner's wife in the Philippines on July 29, 1974.

The term "child" is defined in section 101(b)(1)(B) of the Act to include an unmarried child under the age of 21 who is a stepchild, whether or not born out of wedlock, provided the child had not reached the age of 18 years at the time the marriage creating the status of stepchild occurred.

The term "child" is also defined in section 101(b)(1)(E) of the Act as including a child adopted while under the age of 14 years, if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

In *Matter of A—*, 8 I. & N. Dec. 242 (BIA 1959), we recognized that a child adopted in accordance with the requirements of section 101(b)(1)(E) of the Act could be classified as a "stepchild" under section 101(b)(1)(B) of the Act if the adoptive parent married a United States

526

citizen while the child was under the age of 18. Conversely, a child who has not been adopted in accordance with section 101(b)(1)(E) cannot be classified as a "stepchild" under section 101(b)(1)(B) even if the adoptive parent marries a United States citizen before the child reaches the age of 18. Cf. *Matter of Butterly*, 14 I. & N. Dec. 460 (BIA 1973).

Section 101(b)(1)(E) of the Act requires the child to have been in the legal custody of the adopting parent for at least two years after the adoption. Since the beneficiary was adopted by the petitioner's wife less than two years ago, the legal custody requirement of section 101(b)(1)(E) has not been fulfilled. Consequently, the beneficiary cannot be classified as the petitioner's "stepchild" under section 101(b)(1)(B) of the Act, and he does not qualify for immediate relative status under section 201(b) of the Act.

We realize that there are many sympathetic factors in this case. However, we have no power to make an exception in the law for this beneficiary. When the beneficiary has been in the legal custody of the adoptive mother for two years, the petitioner can file a new petition in his behalf. Under the circumstances, we have no choice but to dismiss the appeal.

ORDER: The appeal is dismissed.